**DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. CROIX**

| | |
|---|---|
| **LAWRENCE HENNEMANN,**             ) <br> ) <br> **Plaintiff**             ) <br> **v.**             ) <br> ) <br> **COMMISSIONER OF SOCIAL SECUIRTY,**             ) <br> ) <br> **Defendant.**             ) <br> _____) | Civil Action No. 2012-0025 |

**Attorneys:**
**Lawrence Hennemann,** *pro se*
St. Croix, U.S.V.I.
    *For the Plaintiff*

**Angela Tyson-Floyd, Esq.,**
St. Croix, U.S.V.I.
    *For Defendant*

## MEMORANDUM OPINION

**Lewis, Chief Judge**

THIS MATTER is before the Court on Defendant Commissioner of Social Security's "Motion to Dismiss for Lack of Subject Matter Jurisdiction" (Dkt. No. 11); Memorandum in Support thereof (Dkt. No. 12); Plaintiff Lawrence Hennemann's ("Hennemann") Response (Dkt. No. 15); and Defendant's Reply thereto (Dkt. No. 17). For the reasons that follow, the Court will grant Defendant's Motion to Dismiss, and deny as moot Plaintiff's request for the appointment of a guardian ad litem or attorney.

### I.   BACKGROUND

On December 1, 2011, the Social Security Administration ("SSA") informed Plaintiff that the amount of self-employment income credited to his Social Security earnings record from 1981-1987 would be reduced. (Dkt. No. 12-2). Plaintiff initiated the instant action on March 9, 2012,

seeking to review the SSA's determination and reconcile the SSA's records with those of the IRS. (Dkt. No. 1).

On April 6, 2012, the SSA sent Plaintiff a notice of change in benefits to reflect additional earnings not previously included. (Dkt. No. 2-1). That notice informed Petitioner that he would receive a lump sum of $9,015 and monthly benefit of $1,025 thereafter. (*Id.*). On May 23, 2012, SSA sent Plaintiff a second notice regarding an increase to disability benefits dated back to July 1988. (Dkt. No. 12-3). This notice informed Plaintiff he would receive a lump sum of $26,956 and $1,025 monthly thereafter. (*Id.*).

On September 7, 2012, Plaintiff requested a hearing before an SSA Administrative Law Judge ("ALJ"). (Dkt. No. 12 at 2-3). A hearing was held on August 1, 2013. (Dkt. No. 12-1 at 3). On August 9, 2013, the ALJ issued an Order finding that she was unable to adjudicate Plaintiff's claim due to an incomplete record, and remanded the matter to the SSA St. Croix field office via an Order of Informal Remand. (*Id.*; Dkt. No. 12 at 2-3; Dkt. No. 12-5). Defendant asserts that the matter was still pending as of January 9, 2015, and nothing in the record indicates that it has since been resolved. (Dkt. No. 12 at 2-3).[1]

Plaintiff also claims that his civil rights were violated as far back as 1988 when he was denied social security benefits because Defendant failed to "provide any reasonable accommodation for Plaintiff's disability in applying for benefits." (Dkt. No. 1 at 2). He seeks to have the SSA reconcile their records with those of the IRS, and to have any applicable time limits tolled due to his disability. (*Id.*). Defendant asserts that the denial of his benefits was the result of his employer's failure to pay social security taxes for two years. (Dkt. No. 15 at 1). In his Response

---

[1] In the Reply Memorandum, Defendant indicates that, in view of Plaintiff's filing in this Court, further action on his appeal was stayed pending the resolution of this matter. (Dkt. No. 17 at 2).

to Defendant's Motion to Dismiss, he requests that a Guardian Ad Litem/Attorney be appointed. (*Id.* at 5). Although Plaintiff makes no legal arguments in connection with this request, he notes in his filing that he "is not an attorney, is still very mentally ill and has been unable to retain legal representation[ ](evidenced) for this very complex matter." (*Id.* at 4).

Defendant argues that the fact that Plaintiff requested a hearing from an ALJ in this matter, received one, and had his claim remanded to the SSA field office is "strong evidence" that he has not exhausted his administrative remedies. (Dkt. No. 12 at 4-8). Defendant further argues that a "final decision" must be the highest decision available under agency rules, and the notices Plaintiff received on December 1, 2011 are merely initial determinations. (*Id.* at 6) (citing 20 C.F.R. § 404.902(n)). Finally, Defendant maintains that any civil rights claim—assuming jurisdiction exists for this Court to entertain it—suffers from the same defect in that Plaintiff has failed to exhaust his administrative remedies. (Dkt. No. 17 at 2-4). Accordingly, Defendant contends that the complaint should be dismissed for lack of subject matter jurisdiction. (*Id.* at 4).

## II.   STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 12(b)(1), a motion to dismiss "may be treated as either a facial or factual challenge to the court's subject matter jurisdiction." *Church of the Universal Bhd. v. Farmington Twp. Supervisors*, 296 F. App'x 285, 287-88 (3d Cir. 2008) (citing *Gould Elecs., Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000)). A facial challenge "concerns 'an alleged pleading deficiency' whereas a factual [challenge] concerns 'the actual failure of [a plaintiff's] claims to comport [factually] with the jurisdictional prerequisites.'" *CNA v. United States*, 535 F.3d 132, 139 (3d Cir. 2008) (quoting *United States ex rel. Atkinson v. Pa. Shipbuilding Co.*, 473 F.3d 506, 514 (3d Cir. 2007) (alterations in original)).

"In reviewing a facial challenge . . . 'the court must only consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff.'" *In re Schering Plough Corp. Intron*, 678 F.3d 235, 243 (3d Cir. 2012) (quoting *Gould Elecs., Inc.*, 220 F.3d at 176). A review of factual challenges, however, allows the court to "weigh and consider evidence outside the pleadings." *Constitution Party v. Aichele*, 757 F.3d 347, 358 (3d Cir. 2014) (quoting *Gould Elecs., Inc.*, 220 F.3d at 176) (internal quotation marks omitted). Plaintiff bears the burden of establishing that this Court has subject matter jurisdiction over his claims. *See Church of the Universal Bhd.*, 296 F. App'x at 288 ("The party asserting subject matter jurisdiction bears the burden of proving that it exists.") (citation omitted).

### III.   DISCUSSION

With regard to Defendant's contention that Plaintiff has failed to allege a statutory basis that would authorize suit against Defendant on Plaintiff's claim that the SSA failed to provide him with reasonable accommodation (Dkt. No. 1 at 2), Defendant's challenge is facial as it alleges a deficiency in Plaintiff's complaint. (Dkt. No. 17 at 2-5). The burden is on the Plaintiff, even where proceeding *pro se*, to show that the Court has jurisdiction. *Wills v. USP Canaan*, 635 F. App'x 5, 8 (3d Cir. 2015) (citing *Mortensen v. First Fed. Sav. & Loan Ass'n,* 549 F.2d 884, 891 (3d Cir.1977)).

Plaintiff alleges a cause of action against the United States and its officers. (Dkt. No. 1). In the absence of statutory authorization, the United States is immune from suit. *United States v. Mitchell*, 463 U.S. 206, 212 (1983). As pointed out in Defendant's Reply to Plaintiff's Response to Defendant's Motion to Dismiss, "Plaintiff has cited no jurisdictional statute that would authorize suit against Defendant." (Dkt. No. 17 at 3; *see* Dkt. No. 1). Defendant correctly maintains that, in the absence of Plaintiff demonstrating a statutory basis for jurisdiction, the Court lacks jurisdiction

4

over Plaintiff's complaint and Defendant is entitled to dismissal of Plaintiff's reasonable accommodation claim. *See Wills*, 635 F. App'x at 8.

Turning to Defendant's challenge based on failure to exhaust his administrative remedies—which is directed at both Plaintiff's claim for proper calculation of his disability benefits and the alleged civil rights violations—the Court concludes that such a challenge is factual in nature as it concerns the alleged failure of Plaintiff's claims to comport with the jurisdictional prerequisites of 42 U.S.C. § 405(g). (*See* Dkt. No. 12 at 1); *see also Atkinson*, 473 F.3d at 514. Accordingly, the Court is "not confined to the allegations in the complaint . . . and can look beyond the pleadings" without converting the motion to dismiss into a motion for summary judgment. *Turicentro v. Am. Airlines*, 303 F.3d 293, 300 n.4 (3d Cir. 2002) (quoting *Cestonaro v. United States*, 211 F.3d 749, 752 (3d Cir. 2000) (internal quotation marks omitted)); *see also Gould Elecs., Inc.*, 220 F.3d at 178.

The Court's analysis of this challenge begins with a determination of whether there is an exhaustion requirement. The term "final decision" is not statutorily defined, and the Agency was left "to flesh [the term] out by regulation." *Weinberger v. Salfi*, 422 U.S. 749, 766 (1975). The regulations establish a clear appeals process for social security disability claims:

> Under SSA regulations, an individual claiming entitlement to benefits first receives an initial determination. 20 C.F.R. § 404.902. If dissatisfied with that determination, the claimant may seek reconsideration. 20 C.F.R. § 404.907. If the claimant is dissatisfied with that determination, he or she may request a hearing before an ALJ. 20 C.F.R. § 404.929. If the claimant is dissatisfied with the ALJ's hearing decision, he or she may request that the Appeals Council review the decision. 20 C.F.R. § 404.967. The Appeals Council may deny the request for review and allow the ALJ's decision to stand as the final decision of the Commissioner. 20 C.F.R. § 404.981. The Appeals Council may also grant the request for review and issue its own decision. *Id*. In either case, the claimant may then seek judicial review of the Commissioner's final decision by filing an action in federal district court within sixty days after receiving notice of the Appeal Council's action. *Id*.; *see also* 20 C.F.R. § 422.210. If the claimant does not pursue

administrative appeal rights, the administrative determination or decision becomes binding. 20 C.F.R. §§ 404.905, 404.921, 404.955, 404.981.

*Aruanno v. Comm'r of Soc. Sec.*, 471 F. App'x 87, 88 (3d Cir. 2012). Under this system of regulatory appeals, a final determination must be made by the agency before the agency's action may be reviewed by a federal district court. *Mathews v. Eldridge*, 424 U.S. 319, 328 (1976); *Tucker v. Sec'y of HHS*, 487 F. App'x 52, 54 (3d Cir. 2012); *Fitzgerald v. Apfel*, 148 F.3d 232, 234 (3d Cir. 1998).[2]

Plaintiff did not exhaust his administrative remedies in the instant matter. As pointed out by Defendant, a revision of an applicant's earning record is defined as an initial determination, and as such is not reviewable by the Court. 20 C.F.R. § 404.902(n); (*See* Dkt. No. 12 at 6). Further, the ALJ's Order of Informal Remand returned Plaintiff's claim to the SSA St. Croix field office to more fully develop the factual record on the grounds that the Administrative Law Judge was unable to adjudicate Plaintiff's claim due to incomplete evidence. (Dkt. Nos. 12-1 at 3, 12-5). During the administrative review process, the ALJ has a basic duty of inquiry to fully and fairly develop the record as to material issues. 42 U.S.C. § 423(d)(5)(B); 20 C.F.R. § 404.944.  This duty is heightened where the plaintiff is proceeding *pro se*, in order to prevent potential prejudice. *Jackson v. Astrue*, 2008 WL 4458155 (D SC Sept. 30, 2008); *McBride on behalf of McBride v. Heckler*, 619 F. Supp. 1554, 1557 (D.N.J. 1985) (citing *Livingston v. Califano*, 614 F.2d 342 (3d Cir. 1980)).

Development of a proper record is one of the many reasons for the imposition of administrative exhaustion requirements.

> Exhaustion is generally required as a matter of preventing premature interference with agency processes, so that the agency may function efficiently and so that it may have an opportunity to correct its own errors, to afford the parties and the

---

[2] Section 405(g)'s exhaustion requirement is not jurisdictional in all circumstances, and may be waived where a claimant raises constitutional issues, statutory issues that would render exhaustion futile, or the Secretary fails to object. *Bacon v. Sullivan*, 969 F.2d 1517, 1522 (3d Cir. 1992) (citing *Rankin v. Heckler*, 761 F.2d 936, 941 (3d Cir. 1985)). Those circumstances are not present here.

> courts the benefit of its experience and expertise, and to compile a record which is adequate for judicial review.

*Salfi*, 422 U.S. at 765 (citing *McKart v. United States*, 395 U.S. 185, 193-94 (1969)).

As Plaintiff has not exhausted his administrative remedies, the Court may not exercise jurisdiction under 42 U.S.C. 405(g). Dismissal of Plaintiff's complaint is proper and serves the policies underlying the administrative exhaustion requirement.

In view of the dismissal of Plaintiff's complaint, his request for the appointment of a Guardian Ad Litem/Attorney is rendered moot.

## IV.  CONCLUSION

For the foregoing reasons, the Court concludes that it lacks subject matter jurisdiction to review Plaintiff's claims against the SSA. Accordingly, the Court will grant Defendant's Motion to Dismiss and dismiss the instant action. In light of the Court's dismissal of the complaint, the Court will deny Plaintiff's requests for appointment of a guardian ad litem or appointment of an attorney as moot. An appropriate Order accompanies this Opinion.

Date: March 29, 2017                                _____/s/_____
                                                    WILMA A. LEWIS
                                                    Chief Judge